UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JUANA OLIVOS VALDEZ, an individual; DANILLIE WILLIE, and individual; and PATRICIA THEUS, an individual, on behalf of themselves and all others similarly situated, and as aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiffs,<br><br>v.<br><br>GENESIS HEALTHCARE LLC, a Delaware Corporation; GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company; ALEXANDRIA CARE CENTER, LLC, a Delaware limited liability company; THE REHABILITATION CENTRE OF BEVERLY HILLS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 19-976-DMG (JCx)<br><br>**FINAL ORDER AND JUDGMENT AS TO DEFENDANT THE REHABILITATION CENTRE OF BEVERLY HILLS** |

     Having considered Plaintiff Patricia Theus's ("Plaintiff") Motion for Final Approval of Class Action Settlement [Doc. # 93], which pertains only to Defendant The Rehabilitation Centre of Beverly Hills ("Defendant"), and Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Service Award [Doc. # 91], together with all exhibits thereto, and the statements made by the Parties and their counsel at the Final Approval Hearing held on November 12, 2021; and

     With due and adequate notice having been given to the Class, and for good cause shown,

     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

     1.    The Court, for purposes of this Final Order and Judgment ("Judgment"), refers to all defined terms as set forth in the Stipulation of Class Action Settlement ("Stipulation") [Doc. # 84-2] filed in this Action.

     2.    The Court has jurisdiction over all claims asserted in the Action, Plaintiff, the Class Members, and Defendant.

     3.    The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate, and reasonable to all Class Members. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Notice**

     4.    Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement [Doc. # 87] as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Notice Packets fully satisfied the requirements

of due process.

**Objections and Requests for Exclusion**

5. No objections to the Settlement were submitted by Class Members in accordance with the requirements set forth in the Stipulation and Notice of Class Action Settlement.

6. The Court finds that one Class Member submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation. That class member is Emelyn Michelle Hernandez.

**Release of Claims and Injunction**

7. Plaintiff and all other Class Members, except the Class Member identified in Paragraph 6 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims as defined by the Stipulation.

**Payments Pursuant to the Stipulation**

8. The Court finds that the Maximum Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Awards are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Settlement Payments to the Class Members in accordance with the terms of the Stipulation.

9. If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the Individual Settlement Payment check to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. In such event, the Class Member shall nevertheless remain bound by the Settlement.

10. Plaintiff Patricia Theus shall be paid a Class Representative Service Award in the amount of $10,000 from the Maximum Settlement Amount in

accordance with the terms of the Stipulation. The Court finds this amount of be fair and reasonable and sufficiently supported.

11. Class Counsel shall be paid $187,500 as their attorneys' fees and $16,822.74 for reimbursement of costs and expenses from the Maximum Settlement Amount in accordance with the terms of the Stipulation. The Court finds these amounts to be fair and reasonable and sufficiently supported.

12. The California Labor and Workforce Development Agency shall be paid $16,875.00 as penalties under the Private Attorneys' General Act.

13. CPT Group, Inc. shall be paid Settlement Administration Costs in the amount of $10,000.00.

**Other Provisions**

14. The Parties shall implement the Settlement according to its terms.

15. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff Theus, the Class Members, and Defendant for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

16. Notwithstanding the remaining claims against other defendants in this action, the Court determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay in entering judgment herein and therefore hereby enters judgment for Plaintiff Theus and the Class Members against Defendant The Rehabilitation Centre of Beverly Hills in accordance with the terms of the Stipulation, and this order is a final and appealable order.

//
//
//

17. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

IT IS SO ORDERED.

DATED: November 15, 2021

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE