1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
SHOOKA DADASHZADEH (SBN 317134)
shooka@maternlawgroup.com
1230 Rosecrans Ave, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiffs

*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JUANA OLIVOS VALDEZ, an individual; DANILLIE WILLIE, and individual; and PATRICIA THEUS, an individual, on behalf of themselves and all others similarly situated, and as aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiffs,<br><br>v.<br><br>GENESIS HEALTHCARE LLC, a Delaware Corporation; GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company; ALEXANDRIA CARE CENTER, LLC, a Delaware limited liability company; THE REHABILITATION CENTRE OF BEVERLY HILLS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-CV-00976-DMG-JC<br><br>**PLAINTIFFS JUANA OLIVOS VALDEZ, DANILLIE WILLIE, AND CHRISTINE ESPINOSA'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       July 29, 2022<br>Time:       10:00 a.m.<br>Courtroom:   8C |

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

MOTION FOR PRELIMINARY APPROVAL

AEQUITAS LEGAL GROUP
RONALD H. BAE (SBN 186826)
rbae@aequitaslegalgroup.com
OLIVIA D. SCHARRER (SBN 291470)
oscharrer@aequitaslegalgroup.com
1156 E. Green Street, Suite 200
Pasadena, California 91106
Telephone: (213) 674-6080
Facsimile: (213) 674-6081

Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFFS' MOTION FOR FINAL APPROVAL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2022, at 10:00 a.m., in Courtroom 8C of the United States District Court for the Central District of California located at 350 W. First Street, Los Angeles, California, plaintiffs Juana Olivos Valdez, Danillie Willie, and Christine Espinosa ("Plaintiffs") will and hereby do move this Court for entry of an order granting final approval of class action settlement.

Pursuant to Federal Rule of Civil Procedure, Rule 23, Plaintiffs respectfully move for entry of an order providing for the following:

1.    Granting final approval of the terms of the proposed class action settlement described in the Stipulation of Class Action Settlement ("Stipulation"), as fair, reasonable, and adequate to all Class Members;

2.    Finding that the Notice of Class Action Settlement ("Class Notice") and Information Sheet (collectively, the "Notice Packet") distributed to the Class Members pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances;

3.    Finally certifying the class for settlement purposes only;

4.    Directing that compensation to all Participating Class Members be affected pursuant to the terms of the Stipulation;

5.    Approving the payment to the California Labor Workforce Development Agency in the amount of Two Hundred Thirteen Thousand Seven Hundred Fifty Dollars ($213,750.00);

6.    Approving the Settlement Administration Costs in the amount of Fifty-Eight Thousand Dollars ($58,000.00);

7.    Entering final judgment as to Defendants.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Launa Adolph and Emilio Cofinco, and all exhibits thereto, including the Stipulation, all documents and records on file in this matter,

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFFS' MOTION FOR FINAL APPROVAL

1    and such additional argument, authorities, evidence and other matters as may be

2    presented by the parties hereafter.

3         This motion is made following the conference of counsel pursuant to Local

4    Rule 7-3, which took place on June 13, 2022.  Defendants do not oppose this motion.

5

6    DATED: June 23, 2022          Respectfully submitted,

7              **MATERN LAW GROUP, PC**

8

9          By:   */s/ Kayvon Sabourian*

10             MATTHEW J. MATERN

11             LAUNA ADOLPH

                  KAYVON SABOURIAN

12             SHOOKA DADASHZADEH

13             **AEQUITAS LEGAL GROUP**

14             RONALD H. BAE

                  OLIVIA D. SCHARRER

15             Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3     PLAINTIFFS' MOTION FOR FINAL APPROVAL

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.   THE SETTLMENT ..............................................................................1

    A.  The Class ....................................................................................1

    B.  Settlement Terms........................................................................2

    C.  Release........................................................................................3

III.  CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH
    RULE 23 AND THE REQUIREMENTS OF DUE PROCESS.........................4

IV.  THE PROPOSED SETTLEMENT MEETS THE REQUIREMENTS FOR
    FINAL APPROVAL...............................................................................5

    A.    Relevant Criteria Support Final Approval of the Settlement.................6

      1.  Plaintiffs and Their Counsel Have Adequately Represented the Class.7

      2.  The Settlement Is The Product Of Informed, Arm's Length
        Negotiations ...........................................................................8

      3.  The Settlement Provides Adequate Relief for the Class........................9

        a.   Costs, Risks and Delay of Further Litigation .................................9

        b.  The Effectiveness of the Proposed Method of Distributing Relief
          to the Class............................................................................11

        c.   The Terms of the Proposed Award of Attorneys' Fees.................12

      4.  The Settlement Does Not Provide Preferential Treatment To Plaintiffs
        Or Any Segment Of The Class ............................................................12

      5.  Class Members' Reaction to the Settlement ........................................13

    B.    The Proposed PAGA Allocation Is Fair And Reasonable............................13

V.    THE COURT SHOULD FINALLY CERTIFY THE CLASS FOR
    SETTLEMENT PURPOSES ONLY ......................................................14

    A.  The Proposed Class Is Sufficiently Numerous .......................................14

    B.  Common Questions Of Law And Fact Predominate ..............................15

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.  Plaintiffs' Claims Are Typical Of Those Of The Class Members .........16

D. Plaintiffs and Their Counsel Will Adequately Represent the Class
   Members ...............................................................................................17

E. A Class Action Is A Superior Method For Adjudicating These Actions 17

VI.  CONCLUSION................................................................................................18

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Federal Cases</u>

*Alcala v. Meyer Logistics, Inc.*,
  2019 WL 4452961 (C.D. Cal. June 17, 2019) ........................................................ 14

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .............................................................................................. 17

*Arrendondo v. Delano Farms Co.*,
  2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) ........................................................ 15

*Burns v. Elrod*,
  757 F.2d 151 (7th Cir. 1985) ................................................................................... 5

*Deaver v. Compass Bank*,
  2015 WL 4999953 (N.D. Cal. Aug. 21, 2015) ......................................................... 8

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................. 17

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................... 16

*Hanon v. Dataprods. Corp.*,
  976 F.2d 497 (9th Cir. 1992) ............................................................................ 16, 17

*Hendricks v. StarKist Co.*,
  2015 WL 4498083 (N.D. Cal. July 23, 2015) ........................................................ 12

*Hopson v. Hanesbrands, Inc.*,
  2008 WL 3385452 (S.D. Cal. Apr. 13, 2009) ........................................................ 14

*In re Badger Mountain Irr. Dist. Sec. Litig.*,
  143 F.R.D. 693 (W.D. Wash. 1992) ....................................................................... 15

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ............................................................................ 15, 17

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

*In re M.L. Stern Overtime Litig.,*
   2009 WL 995864 (S.D. Cal. Apr. 13, 2009) ........................................ 14

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000) ................................................................ 7

*In re Portal Software Secs. Litig.,*
   2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) .................................... 10

*In re Synocor ERISA Litigation,*
   516 F.3d 1095 (9th Cir. 2008) .............................................................. 6

*Lerwill v. Inflight Motion Pictures Inc.,*
   582 F.2d 507 (9th Cir.1978) ............................................................... 17

*Levya v. Medline Indus, Inc.,*
   716 F.3d 510 (9th Cir. 2013) ......................................................... 14, 18

*Molski v. Gleich,*
   318 F.3d 937 (9th Cir. 2003) .............................................................. 13

*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ........................................................ 13

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ............................................................ 6, 9

*Rannis v. Recchia,*
   380 F. App'x 646 (9th Cir. 2010) ....................................................... 15

*Rodriguez v. West Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) ............................................................ 6, 8

*Satchell v. Fed. Express Corp.,*
   2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ...................................... 8

*Smith v. Cardinal Logistics Mgmt. Corp.,*
   2008 WL 4156364 (N.D. Cal. Sept. 5, 2008) ..................................... 15

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003) .......................................................... 6, 12

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) ........................................................................17

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (C.D. Cal. 2010).....................................................................9

*Visceral v. Mistral Grp., Inc.*,
  2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ...............................................13

*Wal-Mart Stores v. Dukes*,
  131 S. Ct. 2541 (2011)............................................................................14, 15

*Young v. Polo Retail, LLC*,
  2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ................................................10

*Zamora Jordan v. Nationstar Mortg., LLC*,
  No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019)...........11

**State Cases**

*Bayshore Transit Management, Inc.*,
  203 Cal. App. 4th 1112 (2012) ......................................................................13

*Iskanian v. CLS Transp. Los Angeles, LLC*,
  59 Cal. 4th 348 (2014) ...................................................................................13

**Federal Rules**

Federal Rule of Civil Procedure, Rule 23(a)(1) ......................................................14

Federal Rule of Civil Procedure, Rule 23(a)(3) ......................................................16

Federal Rule of Civil Procedure, Rule 23(a)(4) ......................................................17

Federal Rule of Civil Procedure, Rule 23(b)(3) ......................................................14

Federal Rule of Civil Procedure, Rule 23(c)(2)(B) ....................................................5

Federal Rules of Civil Procedure, Rule 23(e) ............................................................5

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

Federal Rule of Civil Procedure, Rule 23(e)(2) ...........................................................6

Federal Rule of Civil Procedure, Rule 23(e)(3) ...........................................................9

Federal Rule of Civil Procedure, Rule 23(e)(l)(c)........................................................6

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

## I.    INTRODUCTION

On April 1, 2022, this Court granted preliminary approval of the proposed class action settlement between plaintiffs Juana Olivos Valdez ("Olivos"), Danillie Willie ("Willie"), and Christine Espinosa ("Espinosa") (collectively, "Plaintiffs") and defendant Genesis Healthcare, Inc. ("GHI") and its subsidiaries.  Plaintiffs now seek final approval of the Stipulation of Class Action Settlement ("Stipulation").

If finally approved, the Settlement will create an all-inclusive, non-reversionary settlement fund in the amount of $9,500,000.00.  The prosed Settlement is fair, reasonable, and adequate, as it provides substantial benefits to the Class Members when balanced with the strength of Plaintiffs' case and the risks and expense of further litigation.  In addition, the reaction of the Class Members to the Settlement has been overwhelmingly positive.  To date, there are no objections to the Settlement and only five requests for exclusion, representing just 0.037% of the Class Members.  Additionally, the Settlement was reached through mediated arms-length negotiations, sufficient investigation and discovery allowed Class Counsel to act intelligently, and Class Counsel supports the Settlement as being in the best interests of the Class Members.

Accordingly, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Final Approval of Class Action Settlement.[1]

## II.    THE SETTLMENT

### A.    <u>The Class</u>

The proposed class consists of all persons employed by Defendants as non-exempt employees in the State of California during the time periods Defendants operated the covered facilities (the "Class Periods").  (Stipulation, Dkt. 110-2, at ¶¶ 7, 9).  There are approximately 13,286 Class Members.  (Cofinco Decl. ¶ 5).

///

---

[1] Plaintiffs incorporate by reference the Statement of Facts set forth in Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Service Awards. (Dkt. 115, at pp. 1-5.)

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

**B.**   <u>**Settlement Terms**</u>

Under the proposed Settlement, the claims of all Participating Class Members shall be settled for the Maximum Settlement Amount of Nine Million Five Hundred Thousand Dollars ($9,500,000.00), which shall be inclusive of all Individual Settlement Payments, Attorneys' Fees and Costs, the Class Representative Service Awards, Settlement Administration Costs, and the PAGA Payment.  (Stipulation, Dkt. 110-2, at ¶ 22).  The Employer's Share of Payroll Taxes shall be paid by Defendants in addition to the Maximum Settlement Amount.  (Stipulation, Dkt. 110-2, at ¶ 57(f)).  No portion of the Maximum Settlement Amount shall revert to Defendants or result in an unpaid residue.  (Stipulation, Dkt. 110-2, at ¶ 57(a)).

The Maximum Settlement Amount shall be allocated as follows:

1.    <u>Individual Settlement Payments</u>.  All Class Members shall be eligible to receive a share of the Net Settlement Amount, which equals the Maximum Settlement Amount, less Attorneys' Fees and Costs, the Class Representative Service Awards, Settlement Administration Costs, and the PAGA Payment.  (Stipulation, Dkt. 110-2, at ¶¶ 22, 57(a)).  The Net Settlement Amount shall be distributed to Participating Class Members on a pro rata basis according to the total number of Compensable Workweeks worked during the Class Periods.  (Stipulation, Dkt. 110-2, at ¶ 57(a)(i)). In addition, all Aggrieved Employees shall receive a pro rata share of the portion of the PAGA Payment allocated to Aggrieved Employees based on the Aggrieved Employee's Compensable Workweeks during the PAGA Periods.[2]

2.    <u>Class Representative Service Awards</u>.    Subject to Court approval, Plaintiffs shall each be paid a Class Representative Service Award not to exceed Fifteen Thousand Dollars ($15,000.00) for their time, effort and risk in bringing and

---

[2] Individual Settlement Payment checks will remain negotiable for 180 days from the date of issuance. (Stipulation, Dkt. 110-2, at ¶ 57(a)(iv)).  If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Participating Class Member to whom the funds belong.  *Id*.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

presenting the Actions and for releasing their Released Claims.  (Stipulation, Dkt. 110-2, at ¶ 57(b)).

   3.   <u>Attorneys' Fees and Costs</u>.  Plaintiffs' counsel shall seek an award of attorneys' fees in an amount not to exceed Three Million One Hundred Sixty Six Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($3,166,666.67), which equals one-third (1/3) of the Maximum Settlement Amount, and reimbursement of reasonable costs in an amount not to exceed One Hundred Thirty Thousand Dollars ($130,000.00).  (Stipulation, Dkt. 110-2, at ¶ 57(c)).

   4.   <u>PAGA Payment</u>.  Subject to Court approval, Two Hundred Eighty Five Thousand Dollars ($285,000.00) from the Maximum Settlement Amount will be allocated as penalties under PAGA, of which 75%, or Two Hundred Thirteen Thousand Seven Thousand Fifty Dollars ($213,750.00), will be paid to the LWDA. (Stipulation, Dkt. 110-2, at ¶ 57(d)).  The remaining 25%, or Seventy One Thousand Two Hundred Fifty Dollars ($71,250.00), shall be distributed to Aggrieved Employees on a pro rata basis as part of their Individual Settlement Payments. (Stipulation, Dkt. 110-2, at ¶ 57(d)).

   5.   <u>Settlement Administration Costs</u>.   Subject to Court approval, the Settlement Administration Costs, which are estimated not to exceed Sixty Thousand Dollars ($60,000.00), shall be paid from the Maximum Settlement Amount. (Stipulation, Dkt. 110-2, at ¶ 57(e)).

   **C.   <u>Release</u>**

   Upon the Effective Date, Plaintiffs and all Participating Class Members shall be deemed to have fully released the Released Parties from any and all claims, debts, demands, rights, liabilities, costs, damages, attorneys' fees, actions, and/or causes of action that were pleaded or could have been pleaded based upon the factual allegations set forth in the operative complaints filed in the Actions and arising at any time during the Class Periods, including any and all claims for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (8) unfair and unlawful business practices. (Stipulation, Dkt. 110-2, at ¶ 55). In addition, upon the Effective Date, all Aggrieved Employees shall be deemed to have released the Released Parties of any and all claims and/or causes of action under PAGA which are based upon the factual allegations set forth in the operative complaints and arising at any time during the PAGA Period. *Id*. All Participating Class Members who cash their Individual Settlement Payment checks will be deemed to have given their consent to "opt in" as a party plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) ("FLSA") and to have waived and released any claims they may have under the FLSA as related to the claims that were or arise from the facts asserted in the Actions during the time period three years prior to the cashing of the Individual Settlement Payment check. *Id*.

The "Released Parties" are (i) Defendants; (ii) their past, present and future subsidiaries, parents, affiliated and related companies, successors, predecessors or assigns; and (iii) its past, present, and future members, agents (including, without limitation, any investment bankers, accountants, insurers, reinsurers, attorneys and any past, present or future officers, directors, employees, board members, partners, investors, representatives, shareholders and employees), predecessors, successors or assigns of any of the foregoing. (Stipulation, Dkt. 110-2, at ¶ 34).

## III. CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH RULE 23 AND THE REQUIREMENTS OF DUE PROCESS

Before a court may grant final approval of a proposed class action settlement, adequate notice of the settlement must be provided to the class members. Fed. R. Civ. P. 23(e)(1). Class members should be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified

through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice may be by United States mail or other appropriate means.  *Id.*  The "best notice practicable" does not require receipt of actual notice by all class members in order to comport with both Rule 23 and the requirements of due process, but it often includes direct notice to class members who can be identified by regular mail.  *See, e.g.*, *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985).

The notice plan, as approved by the Court, has been implemented by the Settlement Administrator.  On April 15, 2022, the Settlement Administrator received from Defendants a list containing the Class Members' names, last known mailing addresses, Social Security Numbers and applicable employment information ("Class Information").  (Cofinco Decl. ¶ 5.)  The Class Information contained information for 13,286 Class Members.  (*Id.*)  The Settlement Administrator updated the Class Information using the National Change of Address search.  (*Id.* at ¶ 6.)  On April 29, 2022, the Notice Packets were mailed to the Class Members via U.S. First Class Mail.  (*Id.* at ¶ 7.)

Nine hundred forty-one Notice Packets were returned as undeliverable.  (*Id.* at ¶ 9.)  The Settlement Administrator performed a skip trace on all returned mail with no forwarding address in an effort to locate a better address using Accurint.  (*Id.*)  As a result of the skip trace, 846 Notice Packets were re-mailed to Class Members.  (*Id.* at ¶ 10.)  One hundred thirteen Notice Packets remain undeliverable.  (*Id.*)

In sum, the notice procedures undertaken by the Settlement Administrator constitute the best notice practicable under the circumstances, and fully comply with Rule 23 and the requirements of due process.

## IV.    THE PROPOSED SETTLEMENT MEETS THE REQUIREMENTS FOR FINAL APPROVAL

Pursuant to Federal Rules of Civil Procedure, Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. Proc. 23(e).  In order to approve a final

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFFS' MOTION FOR FINAL APPROVAL

settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(l)(c); *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003). Although the court possesses "broad discretion" in issuing a final determination that a proposed class action settlement is fair, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Courts in the Ninth Circuit have "long deferred to the private consensual decision of the parties." *Rodriguez v. West Publ'g Corp*., 563 F.3d 948, 965 (9th Cir. 2009) (citing *Hanlon v. Chrysler Corp*., 150 F.3d 101l, 1027 (9th Cir. 1998)). In the end, "[s]ettlement is the offspring of compromise; the question [the court] addresses is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027. In the Ninth Circuit, "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litigation*, 516 F.3d 1095, 1011 (9th Cir. 2008).

### A.    Relevant Criteria Support Final Approval of the Settlement

In deciding whether to grant final approval of a class action settlement, courts must determine whether it is "fair, reasonable, and adequate" after considering whether "(a) the class representatives and class counsel have adequately represented the class, (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate; and (d) the proposal treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2). The list of factors is not exhaustive and should be tailored to each case. *Staton*, 327 F.3d at 959; *see* 2018 Comm. Note to Revisions of Fed. R. Civ. Proc. 23(e)(2) (stating that "[t]he goal of this amendment

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.").   Applied to this case, the relevant criteria support final approval of the proposed Settlement.

### 1.    Plaintiffs and Their Counsel Have Adequately Represented the Class

The Ninth Circuit applies a two-pronged test to determine whether the representative parties will adequately represent the class: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) have the named plaintiffs and their counsel prosecuted the action vigorously on behalf of the class. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000).

As set forth in the Court's order granting preliminary approval, Plaintiffs and Class Counsel have fairly and adequately protected the interests of the class.  (Dkt. 114, at p. 2.)  Plaintiffs have demonstrated they are capable of representing the Class Members' interests, as they have explained their daily work experiences and discussed potential claims with their attorneys, aided their attorneys in the prosecution of this matter, assisted their attorneys in preparing for mediation, and assisted their counsel in realizing a comprehensive and significant settlement for Class Members.  (Dkt. 115-3 at ¶¶ 3-9, 11; Dkt. 115-4 at ¶¶ 3-9, 11; Dkts. 115-6 at ¶¶ 3-9; Dkt. 115-1 at ¶ 64.)

Additionally, Plaintiffs' counsel has extensive experience prosecuting wage-and-hour class cases, and has been appointed class counsel in numerous wage-and-hour class actions, including cases before this Court and does not have any conflicts of interest with the Class Members.  (Adolph Decl. ¶ 10-22; Dkt. 115-4 at ¶¶ 59-64.)

From the outset of the litigation, Plaintiffs and their counsel have vigorously represented the class, engaging in extensive discovery and law and motion practice. (Dkt. 115-1 at ¶ 33; Dkt. 115-4 at ¶¶ 5-50.)  Throughout the litigation, Plaintiffs have taken an active role as class representatives and have supported their counsel's

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFFS' MOTION FOR FINAL APPROVAL

litigation efforts. (Dkt. 115-1 at ¶ 64; Dkt. 115-6 at ¶¶ 5-9.) Because Plaintiffs and their counsel have adequately represented the class, this factor supports final settlement approval.

### 2.     The Settlement Is The Product Of Informed, Arm's Length Negotiations

The use of an experienced mediator supports a finding that settlement negotiations were both informed and non-collusive. *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, *4 (N.D. Cal. Apr. 13, 2007); *Deaver v. Compass Bank*, 2015 WL 4999953, *7 (N.D. Cal. Aug. 21, 2015). In addition, evidence that a settlement agreement is the result of genuine arm's length bargaining with a private mediator after factual discovery also supports a conclusion that the settlement is fair. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). Here, the Settlement was reached after extensive negotiations with the assistance of an experienced wage and hour mediator.

The parties attended a private mediation with experienced wage and hour mediation Michael Dickstein, Esq. on December 13, 2021, but were unable to reach a settlement. (Dkt. 115-1 at ¶ 23.) Following the mediation, Mr. Dickstein continud to work with parties and made a mediator's proposal, which the Parties accepted on December 23, 2021. (*Id.* at ¶ 25.)   These circumstances are the antithesis of collusion and show that the settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial.

Additionally, Plaintiffs and their counsel were able to make an informed decision regarding settlement, as Plaintiffs conducted significant discovery and investigation prior to the mediation, including propounding multiple sets of written discovery, reviewing documents produced by Defendants, interviewing Class Members and obtaining more than 50 signed declarations, and taking the depositions of Defendants' corporate witnesses. (*Id.* at ¶¶ 15-21; Dkt. 115-4 at ¶¶ 28-49.) Prior

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFFS' MOTION FOR FINAL APPROVAL

to mediation, Plaintiffs also prepared a damages model which was based on information and data obtained from Defendants and Class Members.  (Dkt. 115-1 at ¶ 21; Dkt. 115-4 at ¶ 50.)  Based on the information and record developed through extensive investigation and discovery, Plaintiffs' counsel was able to act intelligently and effectively in negotiating the proposed Settlement.  (Dkt. 115-1 at ¶ 22; Dkt. 115-4 at ¶ 51.)

### 3.    The Settlement Provides Adequate Relief for the Class

The third factor considers whether the relief provided to the class is adequate, taking into account: "(i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."[3]    An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement."  *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation mark omitted).  Under the terms of the Settlement, Defendants will pay $9,500,000.00 to resolve the Actions.  The settlement amount is approximately 12% of the *maximum* potential damages, exclusive of non-derivative penalties and interest, allegedly owed to Class Members.  (Adolph Decl. ¶ 4.)[4]  This is a substantial recovery which takes into consideration the significant risks of proceeding with the litigation.

### a.    Costs, Risks and Delay of Further Litigation

A factor in assessing the adequacy of a settlement is the complexity, expense, and likely duration of the lawsuit had settlement not been achieved.  *Officers for Justice*, 688 F.2d at 625.  Where, as here, the parties reach a settlement before trial

---

[3] There are no separate agreements the Court needs to consider to approve the proposed settlement.  Stipulation (Dkt. 110-2 at ¶ 65.)
[4] A detailed explanation of Plaintiffs' valuation is set forth in Paragraph 4 of the Adolph Declaration.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

preparation, this factor generally favors settlement.  *See Young v. Polo Retail*, *LLC*, 2007 WL 951821, *3 (N.D. Cal. Mar. 28, 2007).

In reaching a decision to settle this case, Plaintiffs and their counsel considered the risks of proceeding with the litigation.  Defendants have vigorously litigated the case and expressed every intention of continuing their spirited defense through certification and trial.  (Adolph Decl. ¶ 5.)  Class Counsel has extensive experience in wage and hour class action litigation and knows from experience that any case involving wage and hour claims can, and often does, lead to costly litigation that goes on for years.  (*Id*. at ¶ 6.)  Even assuming the Court granted Plaintiffs' motion for class certification, additional risks include: (i) the burdens of proof necessary to establish liability, (ii) the merits of the defenses raised by Defendant, (iii) the difficulties in establishing damages, (iv) the likelihood of success at trial, (v) the inability of Defendants to pay a large judgment, and (vi) the probability of appeal in the event of a favorable judgment.  (*Id*. at ¶¶ 5-8.)  Even if Plaintiffs certified a class and prevailed through summary judgment and trial, Defendants would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Class Members.  *See In re Portal Software Secs. Litig*., 2007 WL 4171201, *3 (N.D. Cal. Nov. 26, 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also support the settlement.").

Plaintiffs also considered the possibility that Defendants could declare bankruptcy or be unable to pay a favorable judgment.  (Dkt. 110-1 at ¶ 33.)  In advance of mediation, Defendants provided Plaintiffs financial documents, and Plaintiffs retained a consultant to analyze the documents.  (*Id*.)  Specifically, Defendants provided quarterly financial statements, annual financial reports, and narrative reports regarding the effects of COVID on their business and their ability to continue as a going concern.  (*Id*.)  From these documents, Plaintiffs obtained

10

information regarding Defendants' revenue, net income, licensed occupancy rates, net working capital, long-term debt, lease obligations, Medicare advance repayment obligations, deferred payroll tax obligations, and other financial obligations. (*Id.*) Plaintiffs' consultant also reviewed publicly-available documents, including GHI's 10K, which stated that "it is unlikely that the Company will be able to generate sufficient cash flows to meet its required financial obligations, including its rent and debt obligations, and maintain compliance with financial covenants, which raises substantial doubt about its ability to continue as a growing concern," as well as news articles related to GHI's delisting from the New York Stock Exchange. (*Id.*)

Accordingly, this factor supports final approval of the settlement.

b.    The Effectiveness of the Proposed Method of Distributing Relief to the Class

Pursuant to the Court's order granting preliminary approval, Class Notice was sent to the last-known address of all Class Members. Of the 13,286 Class Notices mailed, only 113 remain undeliverable. (Cofinco Decl. ¶¶ 7, 10.) Class Members are not required to submit a claim to receive a share of the Net Settlement Amount; rather, all Class Members who do not opt out will automatically receive a payment. (Stipulation, Dkt. 110-2 at ¶ 57.a.) Participating Class Members will have 180 calendar days to cash or deposit the check from the date of mailing. (Stipulation, Dkt. 110-2 ¶ 57.a.iv.) For any checks not cashed or deposited within 180 days, the Settlement Administrator will transfer the amount represented by the check to the California State Controller's Office Unclaimed Property Fund, with the identity of the Participating Class Member to whom the funds belong, to be held for the Participating Class Member. (*Id.*) This will allow Participating Class Members who did not cash or deposit their checks within 180 days to collect their respective Settlement Payment at any time in the future. Thus, the proposed method of distribution "equitably and effectively distribute[s] relief to the Class." *See Zamora*

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

PLAINTIFFS' MOTION FOR FINAL APPROVAL

*Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *4 (E.D. Wash. May 2, 2019).

### c.  The Terms of the Proposed Award of Attorneys' Fees

On May 23, 2022, Class Counsel moved the Court for an award of attorneys' fees in the amount of Three Million One Hundred Sixty-Six Thousand and Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($3,166,666.67).  (Dkt. 115.) Plaintiffs are entitled to reasonable attorneys' fees under Labor Code §1194 and Code of Civil Procedure § 1021.5.  As set forth in Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards (Dkt. 115), Class Counsel's requested fees are reasonable as a percentage of the common fund, as they represent one-third (1/3) of the Maximum Settlement Amount.  Class Counsel's requested attorneys' fees also are reasonable based on Class Counsel's lodestar and the application of a 2.08 multiplier. (Dkt. 115 at 12-17.)  Therefore, this factor supports final approval of the settlement.

### 4.  The Settlement Does Not Provide Preferential Treatment To Plaintiffs Or Any Segment Of The Class

Under the fourth factor, the Court examines whether the proposed settlement provides preferential treatment to any class member.  "[T]o the extent feasible, the plan should provide class members who suffered greater harm and who have stronger claims a larger share of the distributable settlement amount." *Hendricks v. StarKist Co.*, 2015 WL 4498083, *7 (N.D. Cal. July 23, 2015).  Here, the proposed Settlement poses no risk of unequal treatment of any Class Member, as each Participating Class Member's Individual Settlement Payment will be calculated based upon his or her Compensable Workweeks.  (Stipulation, Dkt. 110-2 at ¶ 57.a.i.)

The Settlement also provides for Class Representative Service Awards to Plaintiffs in an amount not to exceed $15,000.00 each, subject to Court approval. (Stipulation, Dkt. 110-2 at ¶ 57.b.)  The Ninth Circuit has recognized that service awards to named plaintiffs in class actions are permissible. *See Staton*, 327 F.3d at

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

977.  As set forth in Plaintiffs' Motion for Attorneys' Fees and Costs and a Service Award (Dkt. 115), these modest payments are appropriate given the substantial risk assumed and the services undertaken by Plaintiffs on behalf of the Class Members. Thus, the absence of any preferential treatment supports final approval.

### 5.   Class Members' Reaction to the Settlement

In a proposed settlement, courts also consider the reaction of the class to the settlement.  *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).  "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."  *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528- 29 (C.D. Cal. 2004).

This factor also favors final approval.  To date, no Class Member has objected to the Settlement, and only five Class Members, representing just 0.037% of the class, have requested exclusion.  (Cofinco Decl. ¶¶ 11-13.)

### B. <u>The Proposed PAGA Allocation Is Fair And Reasonable</u>

The settlement amount allocated for penalties under PAGA is fair and reasonable.  As a preliminary matter, courts have discretion to greatly reduce the amount awarded under PAGA.  Lab. Code § 2699(2); *Thurgood v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112, 1135 (2012).  This is particularly true where a plaintiff alleges both class claims and a representative action for civil penalties.  *Visceral v. Mistral Grp., Inc.*, 2016 WL 5907869, *9 (N.D. Cal. Oct. 11, 2016).  PAGA was initiated to ensure compliance with the Labor Code in light of the government's limited enforcement resources.  *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 379 (2014).  Where, as here, the parties reach a substantial settlement providing employees with monetary compensation for underlying Labor Code violations, many of PAGA's underlying policy objectives are satisfied. Accordingly, there exists a substantial likelihood that the Court would exercise its discretion and reduce the amount awarded for PAGA penalties even if Plaintiffs

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

PLAINTIFFS' MOTION FOR FINAL APPROVAL

proved successful at trial.    Additionally, PAGA's shorter statute of limitations justifies a limited allocation when compared to the amount allocated for Labor Code violations.

Here, the $285,000.00 PAGA allocation is well within the range approved by district courts in California and therefore should be approved. *See Alcala v. Meyer Logistics, Inc.*, 2019 WL 4452961, *9 (C.D. Cal. June 17, 2019) (finding that settlement of claims for PAGA penalties representing 1.25 percent of gross settlement amount was reasonable, as it "falls within the zero to two percent range for PAGA claims approved by courts."); *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of two percent); *Hopson v. Hanesbrands, Inc.*, 2008 WL 3385452, *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of 0.3 percent).

## V.    THE COURT SHOULD FINALLY CERTIFY THE CLASS FOR SETTLEMENT PURPOSES ONLY

A party seeking to certify a class must demonstrate that he or she has met the "four threshold requirements of Rule 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).  Once these prerequisites are satisfied, a court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2548 (2011). Here, the Court provisionally certified the class pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The proposed class satisfies each of these requirements.

### A.    The Proposed Class Is Sufficiently Numerous

The numerosity requirement is satisfied when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The numerosity requirement is not tied to

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

1   any fixed numerical threshold, but courts generally find the numerosity requirement

2   satisfied when a class includes at least 40 members.  *Rannis v. Recchia*, 380 F. App'x

3   646, 650-51 (9th Cir. 2010) (affirming certification of a class of 20).  A reasonable

4   estimate of the number of purported class members is sufficient to meet the numerosity

5   requirement.  *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash.

6   1992).  Here, the proposed settlement class consists of approximately 13,286

7   individuals.  (Cofinco Dec. ¶ 5.)  This class is sufficiently numerous to make joinder

8   impracticable.

9       **B.    Common Questions Of Law And Fact Predominate**

10          For settlement purposes, the commonality requirement is met.  In this regard,

11  a plaintiff is *not* required to show that there is commonality on *every* factual and legal

12  issue; instead, "for purposes of Rule 23(a)(2) even a single common question will

13  do." *Wal-Mart Stores*, 131 S. Ct. at 2556 (int. quot. omitted).  Further, courts have

14  found that "[t]he existence of shared legal issues with divergent factual predicates is

15  sufficient, to satisfy commonality under Rule 23 as is a common core of salient facts

16  coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics*

17  *Mgmt. Corp.*, 2008 WL 4156364, *5 (N.D. Cal. Sept. 5, 2008).  Individualized or

18  deviating facts will not preclude class treatment if most class members were

19  subjected to a policy in a way that gives rise to consistent liability or lack thereof.

20  *See Arrendondo v. Delano Farms Co.*, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19,

21  2011).

22          Importantly, "whether a proposed class is sufficiently cohesive to satisfy Rule

23  23(b)(3) is informed by whether certification is for litigation or settlement.  A class

24  that is certifiable for settlement may not be certifiable for litigation if the settlement

25  obviates the need to litigate individualized issues that would make a trial

26  unmanageable." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir.

27  2019); *see also Amchem Prods.,* 521 U.S. 591, 618-20 (1997).  Thus, where the

28  matter is being settled, a showing of manageability at trial is unnecessary. *Id.*

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

PLAINTIFFS' MOTION FOR FINAL
APPROVAL

The predominance requirement is satisfied here, as Plaintiffs' and the Class Members' claims arise from common practices which Plaintiffs contend applied to all Class Members during the Class Periods. Plaintiffs contend that Defendants failed to provide their non-exempt employees lawful meal and rest breaks. Because the facilities were understaffed and employees were required to attend to patients, Plaintiffs contend that employees were not able to take timely, uninterrupted meal and rest breaks. (Adolph Decl. ¶ 4(a).) Plaintiffs also allege that Class Members were not relieved of all duty and employer control during their meal and rest breaks because they were required to carry communication devices and be available to respond at all times, including during their breaks. (*Id*.) As result, employees' breaks were regularly interrupted by calls from supervisors. (*Id*.)

Plaintiffs also alleges that Defendants failed to compensate employees for all hours worked. (*Id*. at ¶ 4(b).) Plaintiffs contend that, in order to avoid the appearance of meal break violations and the payment of meal break premiums, Defendants' supervisors instructed employees to clock out for meal periods even when they could not take them. (*Id*.) As a result, employees regularly worked off the clock because they were unable to take a meal period but were required to record one. (*Id*.)

Given that Defendants' policies and practices give rise to common questions of law and fact, certification for settlement purposes is appropriate.

## C.    Plaintiffs' Claims Are Typical Of Those Of The Class Members

The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and his or her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFFS' MOTION FOR FINAL APPROVAL

course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon*, 976 F.2d at 508).

Because Plaintiffs and the Class Members suffered the same or similar injuries, resulting from the same or similar conduct by Defendants, the typicality requirement is met.

**D.    Plaintiffs and Their Counsel Will Adequately Represent the Class Members**

A class representative must be able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4).  For the reasons set forth in Section IV.A.1 above, the adequacy requirement is satisfied.

**E.    A Class Action Is A Superior Method For Adjudicating These Actions**

Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996).  When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).  Where the matter is being settled, a showing of manageability is unnecessary. *Amchem*, 521 U.S. at 620; *In Re Hyundai and Kia Fuel Economy Litigation*, 926 F.3d 539, 556-557 (9th Cir. 2019).

Courts have recognized that, in wage-and-hour cases, an employer's policies, practices, and procedures often have a similar impact on large numbers of workers such that class-based resolution is efficient and appropriate.  *See*, *e.g.*, *Lerwill v. Inflight Motion Pictures Inc.*, 582 F.2d 507, 512-13 (9th Cir.1978) (upholding a decision certifying a class of workers seeking overtime pay, and finding that "[n]umerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated").

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFFS' MOTION FOR FINAL APPROVAL

Here, class treatment is superior to other available means for the fair and efficient adjudication of the controversy.  The class consists of approximately 13,286 persons, making individual cases impracticable.  Furthermore, given the relatively small amounts at issue, it is unlikely that any Class Member acting alone would have pursued these claims against Defendants.  *See Leyva v. Medline Industries Inc.*, 716 F.3d 510, 515 (9th Cir. 2013) ("In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims").  Class treatment will preserve judicial resources, save time, and limit duplication of evidence and effort.  Thus, class treatment is superior to other available methods of resolution.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the Settlement.

DATED: June 23, 2022                 Respectfully submitted,

**MATERN LAW GROUP, PC**


By:    */s/ Kayvon Sabourian*
       MATTHEW J. MATERN
       LAUNA ADOLPH
       KAYVON SABOURIAN
       SHOOKA DADASHZADEH

**AEQUITAS LEGAL GROUP**
RONALD H. BAE
OLIVIA D. SCHARRER

Attorneys for Plaintiffs

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

PLAINTIFFS' MOTION FOR FINAL APPROVAL